BLAKESBURG SAVINGS BANK, Appellee, v. S. A. BURTON, Appellant.

**Negotiable instruments:** GENUINENESS OF SIGNATURE: EVIDENCE. In this action upon a promissory note the evidence is reviewed and in conjunction with a comparison of signatures is held sufficient to show the genuineness of the signature to the note.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

FRIDAY, OCTOBER 18, 1912.

ACTION upon a promissory note for $3,000 purporting to be signed by the defendants Loyd D. Burton and S. A. Burton. There was a joint answer in general denial and a denial of signing the note in the form sued upon. Later the defendant, S. A. Burton, denied the genuineness of the signature under oath. On motion of the defendants the cause was transferred to the equity side for the purpose of an accounting on a cross-bill filed. On the trial, no defense was made for the defendant Loyd D. Burton, nor was evidence introduced in support of the cross-bill. There was a trial to the court, and a decree entered for the plaintiff against both defendants for the amount of the note. Defendant S. A. Burton has appealed.—*Affirmed.*

*Jaques & Jaques,* for appellant.

*Work & Work,* for appellee.

EVANS, J.—The case turns wholly upon a question of fact, Did the defendant S. A. Burton sign the note? In view of our agreement with the conclusions reached by the trial court, we will not undertake a discussion of the details of the evidence. The appellant is the father of the defendant Loyd D. Burton. He was engaged for many years in the business of farming and stock buying. About ten years ago, he put his son upon the farm and agreed to stand as security for his credit to the extent of $10,000. The son failed in his business undertaking and the credit became exhausted. In October, 1907, he was owing the plaintiff bank about $6,000 which was secured by chattel mortgage upon all his personal property. The same property was covered by a subsequent mortgage in favor of the father, appellant herein. Some arrangement was entered into for the release of such chattel mortgage by the

plaintiff, and the note in suit was received by the plaintiff in pursuance of such arrangement. The note was prepared at the bank, and was taken by Loyd to procure his father's signature thereto. Shortly thereafter it was returned to the bank with the purported signatures of the two defendants. Both defendants testified on the trial that the note was never signed by the appellant on or with his authority. The defendant Loyd testified that he signed his father's name without authority. On behalf of the plaintiff, a preponderance of the evidence shows subsequent conversations between the appellant and officers of the plaintiff bank tending to indicate his knowledge of the existence of the note and his liability thereon. Many admitted signatures were put in evidence for the purpose of comparison. Six witnesses of business experience who were acquainted with the appellant's signature and had done business with him for many years testified that the signature upon the note was his. This testimony was not rebutted by that of any witness on behalf of appellant, who claimed to be acquainted with the appellant's signature. At this point the appellant rested upon the testimony of an expert witness from Chicago who testified purely as an expert without any previous acquaintance with appellant's signature. For the purpose of comparison we have before us the originals of the admitted signatures and the note itself. We have also photographic copies thereof, including a photograph of the disputed signature in magnified form. It is a circumstance in favor of the appellant that he had already suffered severe losses through his suretyship for his son, and that he had previously protested that he would do no more for him.

After a careful consideration, however, of the entire evidence, we can not avoid the conclusion that the fair preponderance is with the plaintiff. Our comparison of the signature leads us in the same direction, although we

would hestitate to find the fact from such comparison alone.

The decree of the lower court must be—*Affirmed.*